IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ERVIN OHOTTO,<br><br>Defendant. | Case No. CR11-3021<br><br>ORDER FOR PRETRIAL DETENTION |

On the 30th day of June, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. (Jack) Lammers. The Defendant appeared personally and was represented by his attorney, James Bryson Clements.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 23, 2011, Defendant Michael Ervin Ohotto was charged by Indictment (docket number 5) with conspiracy to distribute methamphetamine (Count 1) and possession with the intent to distribute methamphetamine (Count 2). At the arraignment on June 28, 2011, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on August 29, 2011. The Government requested Defendant be detained pending trial. A detention hearing was scheduled on June 30, 2011.

At the hearing, Franklin County Deputy Sheriff Aaron Dodd testified regarding the circumstances underlying the instant charge.[1] On April 13, 2011, Defendant was involved in a traffic stop. During the stop, law enforcement found methamphetamine in a potato chip bag which was in Defendant's possession. On April 14, 2011, law enforcement

---

[1] For the past two years, Deputy Dodd has assisted the North Central Iowa Narcotics Task Force.

1

executed a search warrant on Defendant's car and found more methamphetamine. Defendant admitted to law enforcement that he had been involved in the sale of methamphetamine for about 1 year. Based on Defendant's statements, law enforcement believes his sales totaled approximately 10 pounds of methamphetamine.

Deputy Dodd testified that three persons have proffered information that Defendant was involved in the distribution of methamphetamine. Dodd also indicated that law enforcement has accessed text messages from Defendant's phone indicating Defendant's involvement in drug transactions.

According to the pretrial services report, Defendant is 32 years old. He is a lifelong resident of Mason City, Iowa. He is married, but he and his wife are currently separated. Defendant and his two children, ages 7 and 5, reside with Defendant's parents in Mason City.

For the past two months, Defendant has been employed by his father as a mechanic. Prior to working for his father, from December 2010 to April 2011, Defendant worked at Absolute Waste Systems in Clear Lake, Iowa. From 2005 to January 2010, he worked at Waste Management in Mason City.

Defendant is in good physical health and reports no present or past mental or emotional health concerns. Defendant told the pretrial services officer that he has used marijuana once or twice a month since he was 18 years old. He also indicated that he has used methamphetamine two to three times per week since he was 22 years old.

On July 3, 1999, Defendant was charged with assault and interference with official acts. He received a deferred judgment on the interference charge with 1 year probation, and the assault charge was dismissed. On September 15, 2000, while on probation for the interference with official acts charge, Defendant was charged and later convicted of assault.

On April 14, 2011, Defendant was charged with possession of marijuana, possession of drug paraphernalia, and possession with intent to deliver methamphetamine.[2] On April 15, 2011, Defendant was placed on pretrial release. On June 7, 2011, Defendant's pretrial release was revoked. According to Deputy Dodd, there is evidence that Defendant continued to use and deal methamphetamine after being released from jail. On June 15, 2011, Defendant posted bond. Text messages suggest Defendant continued to distribute methamphetamine after being released from jail the second time. On June 27, 2011, after the instant federal charges were filed, the state charges were dismissed.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of

---

[2] These charges arise from the same incident which underlies the federal indictment.

violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine and possession with the intent to distribute methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is ample evidence to support the charges in the indictment. Specifically, Defendant was involved in a traffic stop where a potato chip bag containing methamphetamine was found in his possession. On the following day, law enforcement obtained a search warrant for Defendant's car and found additional methamphetamine. Defendant admitted to law enforcement that he was involved in the distribution of methamphetamine. Text messages from Defendant's phone also implicate

him in the distribution of methamphetamine. Lastly, three persons have proffered information that Defendant was involved in a drug conspiracy.

Of particular concern to the Court is the fact that while on pretrial release in state court for charges arising from the same incident, Defendant continued to use and deal methamphetamine. As a result, Defendant's pretrial release was revoked. Defendant then posted bond and was released. However, after being released a second time, Defendant once again continued to deal methamphetamine. Given Defendant's recent actions on pretrial release in state court, the Court has no confidence that if released, Defendant would comply with any conditions or combination of conditions the Court would impose. Therefore, based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.     The time from the Government's oral motion to detain (June 28, 2011) to the filing of this Ruling (July 1, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 1st day of July, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA